IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIK ADBULLAH, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 17-3618 |
| | : | Civ. No. 17-2961 |
| PHILADELPHIA POLICE | : | |
| DEPARTMENT, et al., | : | |
|     Defendants. | : | |

## ORDER

Plaintiff Malik Abdullah moves for reconsideration of my Orders (Civ. No. 17-3618, Doc. No. 33; Civ. No. 17-2961, Doc. Nos. 29, 31) declining recusal and dismissing his claims. (Civ. No. 17-3618, Doc. No. 35; Civ. No. 17-2961, Doc. No. 32.) I will deny Plaintiff's Motion.

### I.      FACTS

**A. The Allied Barton Matter**

On September 19, 2016, Plaintiff brought an employment discrimination action against his former employer, Allied Barton Security Services, LLC. Abdullah v. Allied Barton, No. 16-5007 (E.D. Pa. Sept. 19, 2016). The Clerk of Court assigned the Allied Barton matter to me through the Court's random case assignment procedures. See United States District Court for the Eastern District of Pennsylvania, Loc. R. Civ. P. 40.1. I referred the case to the Attorney Panel for *Pro Se* Plaintiffs in Employment Cases, and Ari Karpf agreed to represent Plaintiff. (Doc. Nos. 3, 5.) Pursuant to the *pro se* Panel's protocol, the Clerk of Court referred the matter to Judge Rice for early mediation. (Doc. No. 6.) For reasons that are unclear from the record, the mediation did not occur.

During a February 17, 2017 pretrial conference in my Chambers, Plaintiff agreed, *inter alia*, to settle his claims against Allied Barton and sign a release in exchange for $20,000. The

Parties executed a Memorandum of Understanding outlining the basic terms of the settlement. Plaintiff then stated on the record that he had agreed to settle because he thought it was in his best interest to do so, and I dismissed the case pursuant to Local Rule 41.1(b).

Plaintiff subsequently refused to execute the release, however, stating that the settlement was the result of mistake, duress, and erroneous legal advice from Mr. Karpf. On March 20, 2017, Allied Barton moved to enforce the settlement, and on March 21, I referred Allied Barton's Motion to Judge Rueter for a Report and Recommendation. On March 31, after conducting an evidentiary hearing, Judge Rueter recommended that I grant the Motion. On April 10, Plaintiff filed objections to the Report, and on April 18, Allied Barton responded to Plaintiff's objections. On July 31, I overruled Plaintiff's objections and granted Allied Barton's Motion to enforce the settlement.

### B. The Instant Matters

On June 29, 2017, Plaintiff filed a *pro se* praecipe for a writ of summons with the Clerk of the Philadelphia Common Pleas Court, commencing a civil rights action against Defendants Philadelphia Police Department, Philadelphia Department of Human Services, Ceara Holmes, PPD Officer Vazquez #4782, PPD Officer Cordero #2634, PPD Officer Wilson #1490, the Commonwealth of Pennsylvania, Law Office of Erik B. Jensen, The Igwe Firm, Dianna Y. Quinones, Amanda M. Sidari, and Wells Fargo Bank. (Civ. No. 17-3618, Doc. Nos. 1, 1-1, 13.) The same day, Plaintiff also brought an identical action in this Court and, on July 28, filed an Amended Complaint in that action. (Civ. No. 17-2961, Doc. Nos. 1, 3.)

Defendants removed the state action to this Court on August 10. (Civ. No. 17-3618, Doc. Nos. 1, 3.) On September 27, I consolidated the two actions. (Civ. No. 17-3618, Doc. No. 15); see also Fed. R. Civ. P. 42. On October 18, I severed the state action only as to Defendants

Jensen, The Igwe Firm, Quinones, Sidari, and Wells Fargo, and remanded the severed claims against those Defendants to the state court. (Civ. No. 17-3618, Doc. No. 18.) That day, I also struck the Complaint (which had been removed to this Court) and Amended Complaint without prejudice for failing to comply with Rule 8. (Civ. No. 17-3618, Doc. No. 19); see also Fed. R. Civ. P. 8. On November 14, Plaintiff filed amended pleadings in each case. (Civ. No. 17-3618, Doc. No. 21; Civ. No. 17-2961, Doc. No. 19.)

On February 16, Plaintiff asked me to recuse myself from both matters that I had consolidated. (Civ. No. 17-3618, Doc. No. 30; Civ. No. 17-2961, Doc. No. 28.) I denied Plaintiff's Motion without prejudice as incomprehensible because I could not discern the basis of Plaintiff's request. (Civ. No. 17-2961, Doc. No. 29.) On February 20, I dismissed Plaintiff's § 1983, defamation, and abuse of process claims without prejudice, and dismissed his other claims with prejudice. (Civ. No. 17-3618, Doc. No. 32; Civ. No. 17-2961, Doc. No. 30.) I then dismissed Civil Action 17-2961 with prejudice because it was identical to Civil Action 17-3618. (Civ. No. 17-3618, Doc. No. 33; Civ. No. 17-2961, Doc. No. 31.) Plaintiff filed "Objections" to my Orders denying his request for recusal and dismissing his claims. (Civ. No. 17-2961, Doc. No. 32.) Because Plaintiff is proceeding *pro se*, I will construe Plaintiff's objections as motions for reconsideration.

## II.  LEGAL STANDARDS

I must recuse myself "in any proceeding in which [my] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The question "is whether a reasonable person, knowing all of the circumstances of record, would harbor doubts about the judge's impartiality." Pondexter v. Allegheny County Housing Authority, No. 11-857, 2012 WL 1621370, at *2 (W.D. Pa. May 9, 2012). I also must recuse myself "[w]here [I have] a personal bias or prejudice concerning a

3

party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b). "Moreover, recusal is not required on the grounds of unsupported, irrational, or highly tenuous speculation." In re Kokinda, 581 F. App'x 160, 161 (3d Cir. 2014) (internal quotation mark omitted).

### III.   DISCUSSION

Plaintiff argues that I must recuse and vacate my dismissal Orders because an objective observer would question my impartiality.  Plaintiff alleges that I:  (1) "acted partially against Plaintiff in a matter . . . that [I] was not assigned to;" (2) accepted the instant matters "after Plaintiff made a complaint questioning [my] ability to act impartial[ly]" in the Allied Barton matter; (3) "retaliat[ed] against Plaintiff" by dismissing his claims four days after he filed his motion for recusal; and (4) acted for monetary gain or because of racial animus.  (Pl.'s Objs. to Orders 1–2, 7–8, Civ. No. 17-3618, Doc. No. 35.)

#### A.  The Allied Barton Matter

Plaintiff alleges that I "orchestrated a low settlement in Plaintiff's case" by colluding "with the Defense Counsel and Plaintiff's attorney," and that the Allied Barton matter "was assigned to [me] for no other reason but to secure the desires of the Defense."  (Pl.'s Objs. to Orders 8, Civ. No. 17-3618, Doc. No. 35.)  These allegations have no support and are untrue; no reasonable observer could conclude otherwise.  Indeed, Plaintiff stated on the record that he was entering into the settlement agreement on the advice of counsel because he thought it was in his best interest to do so.  Feb. 17, 2017 Hr'g Tr. 2:22–25, Abdullah v. Allied Barton, No. 16-5007 (E.D. Pa. 2016) (ECF No. 35).

Moreover, the Allied Barton matter was assigned to me through this Court's random assignment procedures.  See Docket, Abdullah v. Allied Barton, No. 16-5007 (E.D. Pa. Sept. 19,

2016) ("Assigned to: HONORABLE PAUL S. DIAMOND"); United States District Court for the Eastern District of Pennsylvania, Loc. R. Civ. P. 40.1(b)(1)–(2). The matter was referred to Judge Rice only for the purpose of early mediation, pursuant to the *Pro Se* Panel's Standing Order. (Order, Doc. No. 6.) Because these assignments comport with this Court's Local Rules, they cannot serve as a reasonable basis to question my impartiality.

### B. Plaintiff's Letter to Chief Judge Tucker

Plaintiff also argues that a reasonable observer would question my impartiality because I continued to handle the Allied Barton matter and accepted the instant matters after Plaintiff accused me of misconduct in a letter to then-Chief Judge Petrese B. Tucker in April 2017.

On April 10, 2017, while Plaintiff's Objections to Judge Rueter's Report were pending, Plaintiff sent a letter to then-Chief Judge Tucker stating that: (1) he had new evidence entitling him to relief from my Order dismissing the Allied Barton matter; (2) I was ignoring his evidence; and (3) he "fear[ed] that the [Allied Barton] matter needs some judicial oversight [because Plaintiff] detect[s] that some misconduct has formed or may be forming." Letter from Malik Abdullah to Honorable Chief Judge Petrese B. Tucker (Apr. 10, 2017), Abdullah v. Allied Barton, No. 16-5007 (E.D. Pa. Apr. 10, 2017) (ECF No. 41). On April 13, 2017, Chief Judge Tucker responded that "[t]his Court is without authority to act upon [Plaintiff's] request. I am sending a copy of [Plaintiff's] petition to Judge Diamond who is the proper judge to consider [Plaintiff's] reconsideration petition." Letter from Honorable Chief Judge Petrese B. Tucker to Malik Abdullah (Apr. 13, 2017), Abdullah v. Allied Barton, No. 16-5007 (E.D. Pa. Apr. 10, 2017) (ECF No. 42).

Recusal is not required merely because a disgruntled litigant makes baseless accusations against a judge. See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 168 (3d Cir.

2004) ("Were the rule otherwise, ' . . . litigants . . . could make charges against a judge's impartiality that would effectively veto the assignment of judges.'" (quoting In re Drexel Burnham Lambert Inc., 861 F.2d 1307 (2d Cir. 1988))).

Moreover, no observer could reasonably question my presiding over the instant matters. Like the Allied Barton matter, these matters were assigned to me by the Clerk of Court pursuant to this Court's Local Rules. Where two cases are related, "the assignment clerk shall assign the case to the same judge to whom the earlier numbered related case is assigned." United States District Court for the Eastern District of Pennsylvania, Loc. R. Civ. P. 40.1(c). "[P]ro se civil rights actions . . . filed by the same individual shall be deemed related to a prior case filed in the same category of federal question cases." Id. at 40.1(b)(3)(B). Here, the Allied Barton matter and the instant matters are in the same federal question category: civil rights cases. See Complaint 1, Abdullah v. Allied Barton, No. 16-5007 (E.D. Pa. Apr. 10, 2017) (ECF No. 1) ("This action is brought for discrimination in employment pursuant to . . . Title VII of the Civil Rights Act of 1964.").

### C. Plaintiff's Motion for Recusal

Plaintiff also argues that I am biased against him because he requested my recusal in the instant matters. Again, a judge is not required to recuse himself every time a party expresses disapproval of that judge. See Selkridge, 360 F.3d at 168. Moreover, Plaintiff's disagreement with my rulings cannot form a proper basis for recusal. See Washington v. Sobina, 471 F. Supp. 2d 511, 515–16 (E.D. Pa. 2007).

### D. Other Allegations

Finally, Plaintiff alleges that I dismissed his claims "either for monetary reason or . . .

racial discrimination." (Pl.'s Objs. to Orders 8, Civ. No. 17-2961, Doc. No. 32.) These allegations are unsupported and untrue.

### IV. CONCLUSION

In sum, because there is no reasonable basis to question my impartiality in the Allied Barton matter or the instant matters, I will deny Plaintiff's request for recusal.

\*\*\*\*

**AND NOW**, this 26th day of March, 2018, upon consideration of Plaintiff's *Pro Se* Objections to Judge Paul S. Diamond's Orders and His Refusal to Recuse Himself Based on Fraud on the Court with Memorandums of Law (Civ. No. 17-3618, Doc. No. 35; Civ. No. 17-2961, Doc. No. 32) requesting reconsideration of the Orders (Civ. No. 17-3618, Doc. Nos. 31, 32; Civ. No. 17-2961, Doc. Nos. 29, 30) dated February 16 and 20, 2018, it is hereby **ORDERED** that Plaintiff's Requests (Civ. No. 17-3618, Doc. No. 35; Civ. No. 17-2961, Doc. No. 32) are **DENIED**.

It is **FURTHER ORDERED** that Plaintiff shall **FILE** a Third Amended Complaint only as to the remaining Defendants in Civil Action No. 17-3618, <u>**no later than**</u> **5:00 p.m.** on **April 9, 2018**.

                                **AND IT IS SO ORDERED.**

                                */s/ Paul S. Diamond*
                                _____
                                Paul S. Diamond, J.